UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CONTEC, LLC**,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>**COMMUNICATIONS TEST DESIGN, INC.**,<br><br>　　　　*Defendant*. | Civil Action No. _1:18-cv-_1172 (LEK/DJS)<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Contec, LLC ("Plaintiff" or "Contec"), through its attorneys, hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, to enjoin and obtain damages resulting from Defendant Communications Test Design, Inc.'s ("Defendant's" or "CTDI's") infringement of Contec's U.S. Patent Nos. 8,209,732 (the "732 Patent") and 8,689,071 (the "071 Patent"). The 732 Patent and the 071 Patent protect systems and methods designed and developed by Contec for testing set-top boxes and multimedia devices.

2. In this action, Contec seeks damages, injunctive relief, attorneys' fees, costs, and interest for CTDI's acts of willful patent infringement.

### PARTIES

3. Contec is a Delaware limited liability company with a principal place of business in this District at 1023 State Street, Schenectady, New York 12307.

4. Upon information and belief, CTDI is a Pennsylvania corporation with a principal

place of business at 1373 Enterprise Drive, West Chester, Pennsylvania, 19380.

5. Upon information and belief, CTDI is registered to do business in the State of New York, maintains a registered agent in the State of New York within this District to receive service of process, and has a regular and established place of business within this District located at 2160 Amsterdam Road, Glenville, New York 12302.

## JURISDICTION AND VENUE

6. This court has jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over CTDI based on its continuous and systematic minimum contacts with residents of New York through the making, distribution, offering for sale, and sale of products and services in New York, its registering to do business in the State of New York, its having a place of business within the State of New York, and its acts of patent infringement committed in the State of New York and this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1400 because CTDI has committed acts of infringement and has a regular and established place of business in this District.  Further, this District is a convenient and appropriate venue for this action because, e.g., (i) CTDI has substantial contacts and a physical presence in this District, (ii) Contec's corporate headquarters and original research and development facilities are located within this District, and (iii) upon information and belief, inventors named on the patents-in-suit are residents of this District.

## FACTUAL BACKGROUND

9. Contec is a leader in repair, test, and reverse logistics for electronics hardware used in a broad range of vertical markets such as the core cable and satellite industries and

emerging verticals such as industrials, analytical equipment, medical and telecommunications.

10. As a result of its innovation, Contec has been awarded a number of United States patents (including but not limited to the 732 Patent, the 071 Patent, and U.S. Patent Nos. 8,310,548; 8,730,327; 9,491,454; 9,810,735; 9,836,375; 9,836,376; 9,838,295; 9,848,233; 9,872,070; 9,900,113; 9,900,116; 9,900,545; 9,960,989; and 9,992,084) (collectively, the "Contec Patents"), and has additional United States patent applications pending that cover various aspects of Contec's systems and methods.

11. Contec is the owner of the 732 Patent for an "Arrangement and Method for Managing Testing and Repair of Set-Top Boxes" which was filed on September 27, 2007, and issued on June 26, 2012, in accordance with an assignment recorded with the United States Patent and Trademark Office on reel/frame 019952/0425 on September 27, 2007. A copy of the 732 Patent is attached hereto as Exhibit A.

12. Contec is the owner of the 071 Patent for a "Multimedia Device Test System" which was filed on August 30, 2010, and issued on April 1, 2014, in accordance with an assignment recorded with the United States Patent and Trademark Office on reel/frame 024965/0909 on September 10, 2010. A copy of the 071 Patent is attached hereto as Exhibit B.

13. CTDI is using systems for testing set-top boxes and multimedia devices, which it refers to as the "Gen3" and "Gen5" test systems, within the United States. Upon information and belief, CTDI has also manufactured the Gen3 and Gen5 systems within the United States and/or imported the Gen3 and Gen5 systems into the United States. Upon information and belief, CTDI has also offered to sell and sold services that comprise using the Gen3 and Gen5 systems within the United States.

14. CTDI has been aware of the 732 and 071 Patents and its infringement thereof

since at least September 6, 2017, when Contec's counsel sent CTDI correspondence which specifically identified the 732 and 071 Patents and referred to CTDI's Gen5 test system.

15. Since that time, Contec's counsel and CTDI's counsel have exchanged numerous emails and letters, and have participated in face-to-face and telephone conferences, regarding the 732 and 071 Patents (among other Contec Patents) and the Gen3 and Gen5 systems (among other CTDI testing systems).

16. CTDI's Gen3 and Gen5 systems include each and every limitation recited in at least independent claim 1 of the 732 Patent as detailed in the attached preliminary and exemplary infringement chart, attached hereto as Exhibit C. Therefore, each of the Gen3 and Gen5 systems literally infringe the 732 Patent.

17. CTDI's Gen5 system includes each and every limitation recited in at least independent claim 1 of the 071 Patent as detailed in the attached preliminary and exemplary infringement chart, attached hereto as Exhibit D. Therefore, the Gen5 system literally infringes the 071 Patent.

18. On information and belief, CTDI's Gen3 system, Gen 5 system, and/or CTDI's systems for testing wireless devices such as modems, infringe one or more additional Contec Patents.

19. The inner workings of CTDI's systems are not publicly available, however, and Contec is not aware of any analytical technique which can be used to definitively establish the internal testing methods and procedures within CTDI's systems using publicly available information.

20. Contec's counsel has repeatedly requested access to nonpublic information for CTDI's systems and, as noted above, has exchanged numerous emails and letters and

participated in face-to-face and telephone conferences with CTDI's counsel regarding CTDI's systems pursuant to a confidentiality agreement. The information Contec has received, however, has been limited and selective, and Contec has reason to believe that certain information has been either incorrect or incomplete.

21. While Contec has nevertheless obtained or uncovered sufficient information about the Gen3 and Gen5 systems to show that CTDI infringes the 732 and 071 Patents, Contec must resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm its belief and to present to the Court evidence that one or more of CTDI's systems infringe additional Contec Patents.

## COUNT I
### (Direct Infringement of U.S. Patent No. 8,209,732)

22. Paragraphs 1 through 21 are incorporated by reference herein.

23. Contec is the owner by assignment of the 732 Patent at all times material hereto.

24. The 732 Patent is valid and enforceable and Contec has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

25. The 732 Patent covers arrangements and methods for managing set-top boxes.

26. As detailed in the attached claim chart (Ex. C), CTDI has infringed and will continue to infringe at least claim 1 of the 732 Patent by, among other activities, making, using, selling or offering to sell within, or importing into, the United States the Gen3 and Gen5 testing systems.

27. CTDI is liable for direct infringement, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a).

28. CTDI's aforesaid activities have been without authority and/or license from Contec and are considered intentional and willful.

29. CTDI has had actual notice of the 732 Patent and of its infringement of the 732 Patent since at least as early as September 6, 2017, and CTDI's infringement of Contec's exclusive rights under the 732 Patent will continue to damage Contec, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
### (Indirect Infringement of U.S. Patent No. 8,209,732)

30. Paragraphs 1 through 29 are incorporated by reference herein.

31. Contec is the owner by assignment of the 732 Patent at all times material hereto.

32. The 732 Patent is valid and enforceable and Contec has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

33. The 732 Patent covers arrangements and methods for managing set-top boxes.

34. CTDI has been and is inducing infringement of at least claim 1 of the 732 Patent by actively and knowingly inducing others, including its customers, to directly infringe by using the Gen3 and Gen5 testing systems within the United States.

35. Evidence of CTDI's inducement activities are previously described and can also be seen on its website (e.g., http://www.ctdi.com/stb_cpe_division.html).

36. CTDI's aforesaid activities have been without authority and/or license from Contec and are considered intentional and willful.

37. CTDI has had actual notice of the 732 Patent and of its infringement of the 732 Patent since at least as early as September 6, 2017, and CTDI's infringement of Contec's exclusive rights under the 732 Patent will continue to damage Contec, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III
### (Direct Infringement of U.S. Patent No. 8,689,071)

38. Paragraphs 1 through 37 are incorporated by reference herein.

39. Contec is the owner by assignment of the 071 Patent at all times material hereto.

40. The 071 Patent is valid and enforceable and Contec has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

41. The 071 Patent covers a test system and process for testing menu-driven, video decoding devices.

42. As detailed in the attached claim chart (Ex. D), CTDI has infringed and will continue to infringe at least claim 1 of the 071 Patent by, among other activities, making, using, selling or offering to sell within, or importing into, the United States the Gen5 testing system.

43. CTDI is liable for direct infringement, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a).

44. CTDI's aforesaid activities have been without authority and/or license from Contec and are considered intentional and willful.

45. CTDI has had actual notice of the 071 Patent and of its infringement of the 071 Patent since at least as early as September 6, 2017, and CTDI's infringement of Contec's exclusive rights under the 071 Patent will continue to damage Contec, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT IV
### (Indirect Infringement of U.S. Patent No. 8,689,071)

46. Paragraphs 1 through 45 are incorporated by reference herein.

47. Contec is the owner by assignment of the 071 Patent at all times material hereto.

48. The 071 Patent is valid and enforceable and Contec has the full right to recover

for past infringement damages and the right to recover future royalties, damages and income.

49. The 071 Patent covers a test system and process for testing menu-driven, video decoding devices.

50. CTDI has been and is inducing infringement of at least claim 1 of the 071 Patent by actively and knowingly inducing others, including its customers, to directly infringe by using the Gen5 testing system within the United States.

51. Evidence of CTDI's inducement activities are previously described and can also be seen on its website (e.g., http://www.ctdi.com/stb_cpe_division.html).

52. CTDI's aforesaid activities have been without authority and/or license from Contec and are considered intentional and willful.

53. CTDI has had actual notice of the 071 Patent and of its infringement of the 071 Patent since at least as early as September 6, 2017, and CTDI's infringement of Contec's exclusive rights under the 071 Patent will continue to damage Contec, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

Contec hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Contec, LLC, respectfully requests that the Court find in its favor and against Defendant, Communications Test Design, Inc., and that the Court grant Plaintiff the following relief:

(a) An adjudication that Plaintiffs rights in the 732 Patent are valid and enforceable;

(b) An adjudication that one or more claims of the 732 Patent has been infringed,

either literally and/or under the doctrine of equivalents, by Defendant;

(c) An adjudication that Plaintiffs rights in the 071 Patent are valid and enforceable;

(d) An adjudication that one or more claims of the 071 Patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

(e) An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement, together with pre-judgment and post-judgment interest;

(f) An award of Defendant's profits from the sale of the infringing products;

(g) An award of Defendant's profits associated with its and its customers' use of the infringing products;

(h) A grant of permanent injunction pursuant to 35 U.S.C. § 283 enjoining the Defendant, its agents, employees, officers, attorneys, successors, assigns, and all persons in active concert or participation with it from further acts of infringement of the 732 Patent or the 071 Patent and from making, using, offering to sell or selling any systems that infringe one or more of the claims of the 732 Patent or the 071 Patent either literally or under the doctrine of equivalents;

(i) That this Court determine that Defendant's infringement of the 732 Patent and the 071 Patent has been willful, and award treble damages pursuant to 35 U.S.C. § 284;

(j) That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

(k) On each of Plaintiff's claims for relief, such further and other relief as the Court deems just and proper.

Dated:  September 27, 2018             **BARCLAY DAMON LLP**


By: _____s/ Kathryn D. Cornish_____
      Douglas J. Nash (511889)
      Denis J. Sullivan (512997)
      Kathryn D. Cornish (514414)

Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202
Tel:  (315) 425-2885
E-mail: dnash@barclaydamon.com
          dsullivan@barclaydamon.com
          kcornish@barclaydamon.com

          -and-

**TAYLOR ENGLISH DUMA LLP**
Coby S. Nixon (*pro hac* motion to be filed)
Seth K. Trimble (*pro hac* motion to be filed)
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Tel: (770) 434-6868
Fax: (770) 434-7376
Email: cnixon@taylorenglish.com
          strimble@taylorenglish.com

*Attorneys for Plaintiff Contec, LLC*